Filed 10/31/25  P. v. Vales CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JAYLON DISHON VALES,<br><br>　　Defendant and Appellant. | A171269, A171437<br><br>(Solano County Super. Ct.<br>Nos. F2400266, F2400448) |

　　Jaylon Dishon Vales was convicted by a jury of four offenses stemming from an incident of recklessly fleeing police officers in a vehicle.  In a separate case involving similar allegations, Vales pled no contest to an additional two offenses.  At his sentencing on both matters, the trial court denied Vales probation and sentenced him to a term of three years four months.  He now challenges his sentence, contending that the court abused its discretion by "strong-arming" him to implicitly acquiesce in the denial of probation by threatening as a condition thereof to impose a "high term" sentence that, absent an aggravating circumstance, it could not lawfully impose.  (Pen. Code, § 1170, subd. (b)(1)–(3).)  We disagree and affirm.

## I.　BACKGROUND

　　As the parties agree, the facts underlying Vales's convictions are not material to the sole issue on appeal.  The parties recount—and our review of

the record shows—that in 2024, police officers tried to pull Vales over, he fled, and, as they pursued him, he ended up colliding with a car going the opposite way, injuring its driver. He fled the accident scene on foot before being arrested. This incident occurred just 15 months after his arrest for an almost identical reckless flight in November of 2022.

After the 2024 incident, the District Attorney filed an information in case No. F2400266 charging Vales with seven crimes, of which one—causing serious injury while evading an officer (Veh. Code, § 2800.3)—was a strike. A jury acquitted Vales on the strike count—finding the victim's injuries not "serious"—but found him guilty on four others: evading an officer with willful disregard for others' safety (*id.*, § 2800.2), doing so while driving the wrong way on a highway (*id.*, § 2800.4), leaving the scene of an injury-causing accident (Veh. Code, § 20001) ("hit-and-run driving"), and resisting an officer (Pen. Code, § 148, subd. (a)(1)).

In a separate case based on the 2022 incident (case No. F2400448), Vales was charged with second degree vehicular burglary (Pen. Code, § 459), evading an officer with willful disregard for others' safety (Veh. Code, § 2800.2), assaulting an officer (Pen. Code, § 245, subd. (c)), and resisting an officer with force or violence (*id.*, § 69).[1] After trial in case No. F2400266, Vales pled no contest in case No. F2400448 to the evasion and forcible-resistance counts, in exchange for dismissal of the others with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, and subject to an agreement that the court would sentence him jointly in both cases to a total term not exceeding four years. In neither case did the People allege, the jury find, or Vales stipulate to, an aggravating circumstance.

---

[1] Vales filed appeals in both cases, challenging in each only the jointly imposed sentence, and we granted his motion to consolidate the appeals.

Although finding him a "marginal candidate," the probation office noted that the convictions were Vales's first as an adult and recommended probation. The trial court did not agree with this recommendation, commenting at a joint sentencing hearing that the probation department was "out of their mind." Despite this, the court opined that there might be a way in which it could see itself granting probation. Addressing counsel, the court commented that, "if [probation] believe[s] in Mr. Vales, I might be able to see a way to believe in it but . . . I'm going [to] set it up to what I know is the reality and do that." The court went on to clarify that in order for it to agree to a grant of probation, "[i]t would . . . suspend[] [a] state prison sentence *on the high term* [and] would run everything [consecutive]."[2] (Italics added.)

In explaining its reasons for requiring the imposition and stay of an upper-term sentence before considering a grant of probation, the court stated, "this isn't about . . . addiction and all those issues. This is about criminality." Defense counsel interjected that Vales (who was 21 years old) had "some pretty real issues with youth . . . and brain development," but the court countered that such arguments were proper only in a capital case. Defense counsel insisted the issues are "important in every case," but the court disagreed: "Yeah, yeah, sad, but that doesn't get you a pass [from] me . . . ."

The court made it clear that it thought Vales's criminality would lead him to commit future offenses which would result in him being back in front of the court, thus making any opportunity to be on probation "illusory." The court went on to comment that "the smart thing [is to] maybe take the mitigated [sentence]—because, again, what are you going to get? Come out

---

[2] The transcript records the court as saying, "concurrent," but Vales asserts it must have meant "consecutive," as it referred before and afterward to its intent to make the terms of a suspended sentence "consecutive." The People do not dispute this reading of the record, and we accept it.

and be on PRCS [(Postrelease Community Supervision)]. [On t]he next go round [this sentence] is not going to matter because there are no consequences for enhancements[;] you already beat the strike, so the next one is not going to be doubled . . . ." The court reiterated its willingness to nonetheless "go along" with the probation department's recommendation on the terms the court had proposed, but further emphasized that it didn't think that accepting probation under such terms was "the smart way to play it." The court concluded its comments by saying that Vales could "think about it," and continued the sentencing hearing to a future date.

When the hearing reconvened and the court asked, "what are we doing today," defense counsel replied, "I'm just going to have him be sentenced." He added, "I spoke with Mr. Vales since our last court date, relayed some things. I think the best way to say it is [that] Mr. Vales is open to probation. But, yeah, if you can kind of glea[n] from those words he's open to probation. [¶] . . . [G]iven the positive and negative of . . . his current place in life . . . I'm hoping the Court will . . . take into account all of the things that would go towards granting him probation, the lack of criminal history . . . and [the fact that] in the future he's going to have a hard time getting probation . . . ." Counsel asked the court, if it were not to grant probation, "to sentence him to the low term, concurrent, across the board." When the court asked if counsel had anything to add, he said that if the court denied probation, it should impose a low term because "I don't think that there are [the] requisite aggravating factors to take it up to the mid term." Counsel acknowledged that a person was hurt but argued that the injury was "taken into account" by the elements of a conviction for hit-and-run driving, which includes injury (Veh. Code, § 20001).

4

When counsel added that the jury had found the injuries not serious, the court reiterated its view of the case: "The jury decided that they were not serious. As far as I'm concerned, going to trial was a victory for Mr. Vales because the People wanted him to plea[d] no contest to . . . a strike. [¶] . . . [F]or reasons that are unclear to me, 12 citizens didn't think [the victim] was seriously injured, so he has won in my mind. And when I say 'he has won' what do I mean by that? I mean, given his history, given his behavior, it is pretty apparent that this will not be Mr. Vale[s]'s [last[3]] time in a room like this. And thank God that you were able to prevail so that when he comes back the next time he won't be looking at a strike [that would] preclude . . . any benefits and . . . double all of his potential sentences."

The court then articulated its view as to sentencing, again reiterating that it did not think the probation department's recommendation of probation was "well-reasoned," adding that, although it had considered probation, when the court was "honest with [itself]," probation "fe[lt] like it was more of a setup than . . . anything else." The court noted that "nothing that I've seen here . . . would make me believe that [Vales] would [succeed] on probation, so . . . giving him probation and then [im]posing a suspended high term consec[utive sentence] on everything I think, if I'm honest with myself, would be a setup. [¶] . . . And so I'm more leaning towards the idea of mitigat[ed] sentences." Defense counsel also expressed his discomfort "with [a] high term suspended [sentence] across the board here." Vales then waived arraignment for judgment and sentence, and defense counsel made no further arguments.

The court sentenced Vales first in case No. F2400266. It made evading an officer with willful disregard for others' safety (Veh. Code, § 2800.2) the

---

[3] The transcript here says "first," but we find it clear in context that the court meant to say "last."

principal offense and imposed a low term of 16 months thereon; held that Penal Code section 654 barred separate punishment for evading an officer while driving the wrong way on a highway (Veh. Code, § 2800.4), and thus imposed on that count a sentence of one-third the midterm, or eight months, which it made concurrent[4]; imposed a consecutive sentence of one third the midterm, or eight months, for hit-and-run-driving (Veh. Code, § 20001); and imposed a one-year concurrent term on the misdemeanor conviction for resisting an officer (Pen. Code, § 148), yielding an aggregate sentence of two years.

Turning to the two counts in case No. F2400448 to which Vales had pled no contest (Veh. Code, § 2800.2 [evading an officer with willful disregard for safety] and Pen. Code, § 69 [resisting an officer with force or violence]), the court imposed sentences of eight months, or one-third the midterm, on each. That added 16 months to the aggregate two-year sentence in case No. F2400266, yielding a total joint sentence of three years four months.

## II. DISCUSSION

Vales's sole argument is that, by threatening to impose a "high term" sentence and make "everything" consecutive as a condition of granting

---

[4] This was error, in a way not requiring analysis in the discussion below. Penal Code section 654 bars imposition of a concurrent sentence on a count based on the same act as one already punished. (*People v. Jones* (2012) 54 Cal.4th 350, 353.) Instead, although it seems to make "little practical difference," the "accepted 'procedure is to sentence defendant for each count' " subject to section 654 and then to stay execution of all but one sentence. (*Ibid.*) Here, before counsel interjected to note the parties' agreement that section 654 applied to counts two and three, the court stated that it was imposing an eight-month consecutive sentence on the latter. We will thus remand with directions to correct the abstract of judgment to show that the court imposed and stayed execution of an eight-month consecutive sentence on count three.

probation, the court abused its sentencing discretion—either by misunderstanding the legal scope of that discretion, or by engaging in "improper judicial strong-arming."  As Vales acknowledges, we review a decision of whether to grant probation for abuse of discretion (*People v. Moran* (2016) 1 Cal.5th 398, 402), asking if it " 'falls outside the bounds of reason' " given the facts and the applicable law (*People v. Williams* (1998) 17 Cal.4th 148, 162).  And because granting probation "is an act of grace or clemency" (*Moran*, at p. 402), a defendant denied such grace "bears a heavy burden" to show the trial court abused its discretion (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157).

In deciding to grant probation, a trial court faces an initial decision of whether to suspend imposition of sentence or to impose a sentence and suspend its execution.  (Pen. Code, § 1203.1, subd. (a); *People v. Howard* (1997) 16 Cal.4th 1081, 1084.)  The difference becomes manifest at the time of revocation:  If the court suspends imposition of sentence, it may upon revoking probation impose any lawful sentence.  (See Pen. Code, § 1203.2, subd. (c); *Howard*, at p. 1087.)  But if instead a court imposes a sentence and suspends its execution, it has no discretion upon revoking probation but to sentence defendant to serve the term previously imposed.  (*Howard*, at p. 1095.)

Here, Vales argues, the court could not impose and suspend execution of a "high term" on any of his convictions because the law authorizes an upper term only if a defendant stipulates to, a jury finds beyond a reasonable doubt, or a certified record of prior conviction(s) establishes, an aggravating circumstance.  (Pen. Code, § 1170, subd. (b)(1)–(3) (section 1170(b)).)  None of those things happened here, so the court could not impose an upper-term sentence for any of Vales's crimes, although it identified that as the only

basis on which it would consider granting probation. Nor could it make "everything" consecutive, as it said it would, for section 654 barred it from imposing punishment on both evasion counts in case No. F2400266.

Thus, according to Vales, the court wrongfully deterred him from seeking probation by threatening to impose and suspend an unlawful sentence significantly exceeding the sentence of three years four months it ultimately imposed,[5] when the longest sentence it lawfully *could* impose was, in his view, four years.[6] Had he known that his worst alternative was a sentence just eight months longer than the one he received, he argues, he would not have implicitly acquiesced in the denial of probation as he did.

_____

[5] While Vales's brief does not set out the math as to how long the threatened suspended sentence could have been, he bases his argument on the court's threat to impose an upper term—i.e., three years—on the principal count of evading an officer with willful disregard for safety (Veh. Code, § 2800.2) and to make "everything" consecutive, implying consecutive terms of one-third the midterm—eight months each—on his other four felony convictions (assuming, as Vales does, that the court would have disregarded Pen. Code, § 654.) The court, we note, could also have made consecutive rather than concurrent the one-year term it imposed on the misdemeanor count of resisting an officer. (See *People v. Brown* (2016) 247 Cal.App.4th 1430, 1434 [statute requiring consecutive subordinate *felony* sentence generally to be one-third the middle term does not apply to consecutive subordinate *misdemeanor* sentence, which can be full term].) That would yield a total sentence of six years eight months.

[6] In contending that the longest possible lawful aggregate sentence was four years (i.e., a two-year midterm on the primary offense and three eight-month terms on the felony counts unaffected by Penal Code section 654), Vales presumes without explanation that the court could *not* have made the one-year term on his misdemeanor conviction consecutive. (Cf. fn. 6, *ante*; *People v. Brown*, *supra*, 237 Cal.App.4th at p. 1434.) Correcting that oversight in Vales's analysis, the longest aggregate sentence the court could lawfully have imposed—on his view of the law—was in fact five years, not four.

This argument fails to show an abuse of discretion on either basis Vales raises. He contends first that, by threatening to impose a sentence it could not lawfully impose, the court abused its discretion by misunderstanding the scope thereof. (See *People v. Panozo* (2021) 59 Cal.App.5th 825, 837 [court unaware of scope of discretionary power cannot exercise informed discretion].) But we presume that a trial court understood the law it had to apply unless an appellant bears the burden of showing it did not. (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 [noting "basic presumption . . . that the trial court . . . kn[ew] and applied the correct statutory and case law"].) Vales fails to bear this burden. As the People explain in their brief, which was not rebutted by Vales, the court could have imposed and suspended execution of an upper-term sentence simply by requiring Vales to stipulate to one or more aggravating circumstances, which would render the upper term lawful, and/or it could have required him to waive his right under Penal Code section 654 not to be punished under two separate provisions for the same course of conduct.[7]

The People cite *People v. Johnson* (2002) 28 Cal.4th 1050, which held that defendants may "waive provisions . . . intended for their benefit" as a condition of receiving probation. (*Id.* at p. 1057.) Not having filed a reply brief, Vales has cited no authority and developed no argument that

---

[7] The record does not suggest that the court in fact intended to require Vales, as a condition of probation, to waive the protection of Penal Code section 654. Rather, the transcript shows the court simply forgot the parties' agreement, at trial, that section 654 applied to certain counts and, when reminded of that fact, unhesitantly—if in an erroneous manner (see fn. 5, *ante*)—applied the statute. Vales draws his contrary inference solely from the court's reference to making "everything" consecutive. In context, this meant only that the court would make consecutive every term it could lawfully make consecutive—not that it would impose a consecutive term in violation of (its understanding of) section 654.

section 1170(b), which enables defendants to demand a trial on aggravating circumstances but also recognizes that they may stipulate to them, creates an exception to that rule. (See *Campbell v. Ingram* (1918) 37 Cal.App. 728, 732 [if appellant "has not deigned to reply" to respondent's argument, we may assume he deems argument "unanswerable"].) The People also cite *People v. Hester* (2000) 22 Cal.4th 290 for the proposition that, waiver aside, Vales could not have challenged any arguable error in imposing a suspended upper-term sentence, and/or imposing punishment on both evasion-based counts in case No. F2400266, given the rule that a defendant who has "pleaded guilty in return for a *specified* sentence" cannot ask an appellate court to find error "even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction." (*Hester*, at p. 295.) Vales, again, fails to dispute the point. Whether or not he could have done so persuasively, "[w]e are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Vales alternatively contends that, even if the court understood the law, it engaged in "improper judicial strong-arming." But again, Vales has failed to cite any authority or otherwise develop any argument that the court could not propose that he stipulate to the existence of one or more aggravating factors as a condition of receiving probation.[8] Nor does Vales show that he

---

[8] The parties debate whether, as the People contend, the court had decided not to grant probation in any event, or whether it conveyed a willingness to grant probation in accord with the department's recommendation—but only if Vales urged it to do so and agreed to accept a suspended upper-term sentence with "everything" consecutive (i.e., waived the benefit of section 1170(b)). Parts of the court's comments support each view, but in our view, the transcript as a whole does not indicate that the

10

had a right to a grant of probation free of such conditions; the law is clear that he did not. (*People v. Osslo* (1958) 50 Cal.2d 75, 103 ["a defendant has no right to probation; he does have the right, if he feels that the terms of probation are more harsh than the sentence imposed by law, to refuse probation and undergo such sentence"].)

## DISPOSITION

The judgment of conviction is affirmed. The matter is remanded with instructions to correct the abstract of judgment in Case No. F2400266 to show that the court imposed and stayed execution, pursuant to Penal Code section 654, of an eight-month consecutive sentence on count three (Veh. Code., § 2800.4). As modified, the sentence is affirmed.

CLAY, J.[*]

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

---

conversation ever ripened into an offer for Vales to accept or decline. By their final colloquy, the court and defense counsel appeared to agree that such an arrangement would be unwise and that Vales would only seek a grant of probation without those conditions.

[*] Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.