[Civ. No. 1740. Third Appellate District.—July 3, 1918.]

## IRA CAMPBELL, Appellant, v. JOHN INGRAM, Respondent.

WATER RIGHTS — NECESSITY FOR IRRIGATION — PLEADINGS — SPECIFIC FINDING, WHEN NOT REQUIRED.—In an action involving conflicting claims to the waters of a certain creek, a specific finding that irrigation is necessary on the lands of the defendant is not required where it appears by the allegations and admissions of the pleadings that the lands involved are situated in an arid climate, and there is no denial of the allegation of the cross-complaint that the character of all the lands, the soil thereof, and the climatic conditions of the neighborhood are such that artificial irrigation is necessary.

ID.—QUANTITY OF WATER NECESSARY FOR IRRIGATION — FINDING — SPECIFIC FINDING, WHEN NOT REQUIRED.—In such an action, the failure to make a specific finding that a certain number of inches of water are necessary for the irrigation of defendant's land does not constitute reversible error where there is a finding that the amount has been used for years, without objection, for the irrigation of hay and grain and for garden purposes.

ID.—JUDGMENT — FAILURE TO AWARD SPECIFIC AMOUNT OF WATER— WHEN NOT VOID FOR UNCERTAINTY—IMPOSSIBILITY OF DETERMINATION IN ADVANCE.—A judgment which does not award a specific amount of water to the plaintiff, but requires the defendant to permit plaintiff to use whatever water is necessary for the use of his stock in the corral below defendant's dam, is not void for uncertainty where it is impossible to determine in advance the amount that may be required for this purpose.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

R. M. Rankin, and Grover C. Julian, for Appellant.

Dodge & Barry, for Respondent.

BURNETT, J.—The action involves conflicting claims to the use of the water of Beaver Creek, in Lassen County. Defendant answered plaintiff's complaint, and also filed a cross-complaint, some of the allegations of which were denied by the plaintiff. The court found that certain lands of both parties were riparian to the stream and also found:

"That in the year 1870, at a time when said William Coen was in the possession and entitled to the possession of said northeast quarter of section twenty-five (25), he entered upon said Beaver Creek at a point in the northwest quarter of section thirty (30), township thirty-seven (37) north, range six (6) east, in the county of Lassen, state of California, where all of the waters of said creek were flowing in their natural, well-defined channel, between well-defined banks, and constructed a dam in the channel of said stream, and then constructed a ditch two shovels in width and one shovel deep, and by means of said dam and said ditch diverted water from said stream to his said lands, and said William Coen and his grantors, have ever since maintained said ditch and dam and conveyed water by means thereof to said lands for the irrigation of crops of hay and grain and garden growing thereon, and for the watering of stock and for domestic purposes; and that at the time said William Coen first constructed said dam and ditch as aforesaid, the lands upon which he constructed said ditch were public lands of the United States; and said William Coen and his grantors, ever since said first diversion and appropriation of water, have continuously maintained said dam and ditch and diverted said waters for the irrigation of land in said northeast quarter of section twenty-five (25), township and range aforesaid.

"That said ditch was gradually enlarged, until the year 1901, when it was capable of conveying seventy-five (75) inches of water measured under four (4) inch pressure; and defendant has ever since said year 1901, diverted and con-

veyed seventy-five inches of water measured under a four-inch pressure, by means of said dam and ditch, from said stream to and upon the said lands of defendant for the irrigation thereof; and that in said year 1901 the grantors of the plaintiff, who were then the owners and in the possession and entitled to the possession of the lands of the plaintiff, recognized and acknowledged the right of the defendant, who was at said time in the possession and entitled to the possession of defendant's said lands, to divert seventy-five inches of water measured under a four-inch pressure, through said ditch to the above described lands of defendant; and that neither the plaintiff nor any of his grantors, down to the year 1913, ever interfered with or denied the right of defendant to maintain said dam and ditch and divert seventy-five inches of water measured under a four-inch pressure to and upon the said lands comprising the William Coen homestead.''

The judgment decreed that defendant was entitled to divert from said stream by means of a dam and ditch, described in the answer and cross-complaint, seventy-five inches of water measured under a four-inch pressure for the use of a part of his land known as the William Coen homestead, and of the remaining waters of said creek the plaintiff should have fifty-three one-hundredths and the defendant forty-seven one-hundredths, and that the parties in the same proportion should pay the expense of maintaining the dam in the creek.

Appellant contends: 1. That there is no finding that irrigation is necessary on said William Coen homestead and no evidence to support such finding. 2. "There is no evidence to show or tending to show that seventy-five inches of water is necessary for the irrigation of the lands of defendant or that the continuous flow of seventy-five inches during the irrigating season has been used"; and 3. That the findings and judgment are uncertain and void, for the reason that the amount of water that defendant shall permit to flow through the dam to water plaintiff's stock in the corral below the dam is not specified.

As to the first contention, it may be said that by the allegations and admissions of the pleadings it appears that the lands herein involved are situated in an arid climate, and besides, there is no denial of the allegation of the cross-com-

plaint: "That the character of all of said lands and the soil thereof and the climatic conditions of the neighborhood in which all of the lands are situated are such that artificial irrigation is necessary." In view of this condition of the pleadings, no specific finding as to the point was required. Moreover, it is a fair inference from the findings, which were made, that irrigation is necessary in said premises, and we think there can be no doubt that the record, both as to the evidence and the determination of the court, satisfies the requirement of section 1411 of the Civil Code that the appropriation of the water "must be for some useful or beneficial purpose." We deem it unnecessary to quote the testimony in that regard. We may, however, refer to the fact that one of the witnesses testified that irrigation was necessary even for the wild hay.

There is no specific finding, nor do the pleadings admit that seventy-five inches of water are necessary for the irrigation of said tract of land, but it is found that this amount has been used by respondent for many years, without objection from appellant, for the irrigation of hay and grain and for garden purposes. From such use it would be proper to infer that it was necessary in order to produce profitable crops. Making such reasonable deductions from the facts found by the court, we find sufficient support for the judgment. It would have been more satisfactory, of course, if there had been a specific finding as to the necessity of the use, but we do not think the cause should be reversed for this defect which has not resulted in a substantial injury.

The judgment does not award a specific amount of water to the plaintiff for the use of his stock in the corral, but it does provide that the defendant has the right "to maintain said dam as the same has been heretofore maintained, and the ditch leading therefrom." And as to how it has been maintained the finding of fact is "that said dam has continuously since said date been maintained and repaired by the defendant and his grantors but in such a way as to permit water to flow through said dam sufficient for watering stock in the corral immediately below said dam."

In this respect, also, are the findings and judgment somewhat open to criticism, but, it is conceded by respondent—and we think the judgment is susceptible to that interpretation—that by the decree of the court defendant is required

to permit plaintiff to use whatever water is needed for the use of his stock in the corral, and as to that, appellant could ask for no more.

Indeed, the uncertainty in that respect is rather in favor of appellant, and respondent has the greater cause for complaint. The difficulty, if not impossibility, of determining in advance the amount that may be required for this purpose is quite apparent from the record.

Some cases bearing upon the foregoing considerations are cited by appellant, but respondent points out wherein they are not controlling here, and no reply brief has been filed by plaintiff.

Since appellant has not deigned to reply to the argument of respondent, we have a right to assume that the former deems the argument of the latter unanswerable, and we are justified in concluding, without further delay, that the judgment should be affirmed, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.