Filed 2/23/23  P. v. Saeed CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>ABDULNASSER SAEED,<br><br>      Defendant and Respondent. | A164003<br><br>(Napa County Super. Ct. No. 19CR000767) |
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>TAREQ SAEED,<br><br>      Defendant and Respondent. | A164013<br><br>(Napa County Super. Ct. No. 19CR000755) |

In 2019, defendants Abdulnasser Saeed and Tareq Saeed reached plea agreements, and the trial court subsequently placed each defendant on probation for a five-year term.  The following year, the Legislature enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (AB 1950), which limited most probation terms to two years.  Over the opposition of the district attorney, defendants successfully moved for orders shortening their periods of probation to two years based on AB 1950 and terminating probation.

1

The People (by the Napa County District Attorney) appeal. They agree AB 1950 applies retroactively to defendants' cases but contend they should have been allowed to withdraw from the plea agreements because the five-year periods of probation were negotiated terms of the agreement and they are entitled to the benefit of their bargain. Defendants respond that the record does not support the People's claim that the duration of their probation terms was a negotiated term of the plea agreements, and in any event, their probation terms are not insulated from the Legislature's subsequent change of the law. The People chose not to file reply briefs, leaving defendants' detailed analysis of the factual record unchallenged.

We conclude the People have failed to establish that the duration of the probation was a negotiated term of defendants' plea agreements and, even assuming it was a negotiated term, the People are not entitled to withdraw from the plea agreements based on the change in the law. Accordingly, we affirm the trial court orders shortening probation.

## BACKGROUND

In March 2019, following an undercover investigation into the Napa Smoke and Vape store, Abdulnasser Saeed and Tareq Saeed were charged with furnishing marijuana to a minor over 14 (Health & Saf. Code, § 11361, subd. (b); count 1), selling, offering to sell, or transportation of marijuana for sale to a minor (*id*., § 11360, subd. (a)(3)(D); count 2), possession for sale of marijuana involving a minor (*id*., § 11359, subd. (d); count 3), maintaining a place for sale or use of a controlled substance (*id*., § 11366; count 4), and conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1); counts 5, 6, and 7.)

2

*Change of Pleas*

On September 5, 2019, Tareq and Abdulnasser (we refer to each defendant by his first name to avoid confusion) pled no contest to counts 1 and 4, and the remaining counts were dismissed.

The change of plea hearings were very brief, and two other codefendants also entered pleas at the same court hearing. After all four defense counsel made their appearances, Tareq's attorney stated, "we all have [plea] forms for the court," explaining, "there's a typed out probation term sheet and it's the same for all defendants."

The trial court began with Abdulnasser. As pertinent here, for both Abdulnasser's and Tareq's changes of plea, the court relied on the written plea form and did not state the terms of the pleas on the record. Nor did any counsel.

In Abdulnasser's case, after checking that he understood and signed his "separate 3-page plea form," the trial court accepted Abdulnasser's no contest pleas to counts 1 and 4.

Abdulnasser's "separate 3-page plea form" described the terms of the plea agreement. Paragraph 4 of his plea form had the following printed language: "The following promises have been made to me as a condition of my plea(s). No other promises have been made. I understand that if the Court refuses to follow this plea bargain then I will be allowed to withdraw my plea(s) . . . and enter a not guilty plea." In the lines that followed, the handwritten terms began: "5 years formal probation—no initial state prison; waive appeal . . . no early termination of probation" and continued in detail for six lines and a note in the margin. In addition to more standard terms of probation, were such items as defendant "to close/vacate/term lease any/all smoke shops of Napa County;" "not to own . . . be employed at/volunteer or be

3

present at any smoke, vape tobacco or 'head shop' in Napa County," and "not to have any financial interest in any smoke shops in Napa County."

For the change of plea in Tareq's case, the trial court referred again to a "three page Plea Form," adding "[a]nd I'll include probation conditions attachment," referring to a separate page attached to Tareq's plea form. The court accepted Tareq's plea.

Tareq's plea form, at paragraph 4, stated "See attached Terms," and had a few references to concurrent time with his misdemeanor case. The attached typewritten sheet, entitled "Probation Conditions Attachment," did not mention the length of probation, but it contained in substance the same restrictions on involvement in smoke, vape, tobacco and head shops as Abdulnasser's. It said nothing about a five-year term of probation, nor was anything said about the length of probation on the record in the hearing.

*Sentencing*

Tareq and Abdulnasser were sentenced at the same proceeding on October 3, 2019.[1] The Recommendations section of each defendant's probation report "respectfully recommended [that] imposition of sentence be suspended, and the defendant be GRANTED FORMAL PROBATION for a period of five (5) years" with recommended terms and conditions. The probation department recommended virtually identical terms of probation for Abdulnasser and for Tareq.

At sentencing, Tareq's counsel objected to a term of probation recommended by the probation department that she said was "not part of the

---

[1] And it appeared their codefendants were also sentenced in the same proceeding. Tareq's attorney observed that "all of the defendants have the same terms of probation."

4

plea agreement," noting "[W]e had, I think, a tight list of probation terms" and "all of the defendants have the same terms of probation."

Abdulnasser's counsel asked for the same minor modifications to the proposed terms of probation as Tareq had, noting Abdulnasser is "similarly situated to Tareq Saeed, in that he is on the business license, and the lease."

With some minor modifications, the trial court imposed all of the conditions of probation recommended by the probation department. The conditions were virtually identical for Tareq and Abdulnasser. For each, imposition of sentence was suspended, and each defendant was placed on "five years of formal probation on conditions one through 39, as recommended."

*Motion to Shorten Probation*

AB 1950 took effect on January 1, 2021, making two years the maximum length of probation, with exceptions not applicable to these defendants.

On February 18, 2021, Abdulnasser filed a motion to shorten probation based on AB 1950, seeking a new expiration date of October 3, 2021. Abdulnasser acknowledged that "the 5-year term of probation was negotiated in this case," but argued he was nonetheless entitled to the legislature's change in the law regarding the length of probation.

Tareq filed a similar motion to shorten probation, seeking the same relief but not mentioning a plea agreement.

On April 7, 2021, the district attorney filed a single opposition brief, not differentiating between the two defendants. It asserted that "one of the negotiated terms of the plea agreement involved the length of the probation term. The bargained-for plea agreement entered into by both the People and the defendant and accepted by the court specifically states that the

5

defendants will serve a five-year term on formal probation." The district attorney argued the court should either enforce the agreed upon disposition or "unwind the plea" putting all parties "in a pre-plea posture to start anew."

On September 13, 2021, the court (the Honorable Cynthia P. Smith) heard argument on the motion to shorten probation.[2] The defense counsel who had represented Tareq when he reached the negotiated disposition now represented both defendants. The district attorney and defense counsel agreed that none of the charges against defendants was exempt from the new two-year limit on felony probation. Relying on this court's opinion in *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1074, review granted and cause transferred April 20, 2022, S268787 (*Stewart*),[3] defense counsel argued that granting the motion would merely enforce current law. The district attorney argued the "People are being denied the benefit of their bargain. It seems like in this case there was specific—it's not just about the probation length, but there were specific terms put in place to protect the public, and prison was avoided by this agreement which would allow five years of these particular terms to protect the public."

At a hearing on September 17, 2021, the trial court granted defendants' motions, relying on the reasoning in *Stewart*, *supra*, 62 Cal.App.5th 1065,

---

[2] A different judge (the Honorable Mark S. Boessenecker), had presided at the change of pleas and sentencings.

[3] In April 2022, the Supreme Court transferred *Stewart* back to the Court of Appeal with directions to vacate the decision and reconsider the cause in light of Senate Bill No. 483 (2021–2022 Reg. Sess.), stating that the decision "has no binding or precedential effect, and may be cited for potentially persuasive value only. (Cal. Rules of Court, rule 8.1115(e)(3).)" (*People v. Stewart* (2022) ___ Cal.5th ___ [292 Cal.Rptr.3d 570].)

*People v. France* (2020) 58 Cal.App.5th 714[4] and *Harris v. Superior Court* (2016) 1 Cal.5th 984.  The court explained, "Here, the court is not unilaterally modifying a plea agreement, as that is clearly not permitted.  Nor is it exercising its discretion, as was the case in [*People v.*] *Stamps* [9 Cal.5th 685 (*Stamps*)].  Instead, it is enforcing a mandatory change in the law that results in a legislative change to the plea bargain."  In so ruling, the court observed that "I know that this plea with [Tareq and Abdulnasser], as well as two other co-defendants, was carefully, and thoughtfully, and vigorously crafted.  And the Court just does not—given the state of the law, the court does not see how it can parse between plea agreements and others; and therefore, is granting the Petition based upon . . . the court's interpretation, the application of AB 1950."

## DISCUSSION

The parties agree that AB 1950 is retroactive and applies to these defendants.  We note that the retroactivity of AB 1950 is currently under review by our Supreme Court in *People v. Prudholme* (Aug. 26, 2021, E076007), 2021 WL 3781712 (nonpub. opn.), review granted November 10, 2021, S271057.  But for purposes of these consolidated appeals we will assume that AB 1950 applies retroactively under *In re Estrada* (1965) 63 Cal.2d 740, to defendants who are currently serving a term of probation.  (See *Bowden v. Superior Court* (2022) 82 Cal.App.5th 735, 740, 741) (*Bowden*)

---

[4] As with *Stewart*, the Supreme Court has since transferred *France* back to the Court of Appeal with directions to vacate the decision and reconsider the cause in light of Senate Bill No. 483 and stating the decision "has no binding or precedential effect, and may be cited for potentially persuasive value only."  (*People v. France* (2022) ___ Cal.5th ___ [292 Cal.Rptr.3d 570].)

[citing many published opinions holding that two-year felony probation limitation in AB 1950 is retroactive]).

The sole issue raised by the People on appeal is whether they are entitled to withdraw their consent to the plea agreements before the trial court "unilaterally modifi[ies]" the terms by reducing the period of probation to two years. The People's appeal is premised on the assumption that a five-year term of probation was an agreed upon term of the plea agreement.

A.    *The People Have Failed to Establish that the Length of Defendants' Probationary Periods Was a Negotiated Term*

Defendants raise a threshold issue in their respondents' briefs on appeal that the *length* of their probationary periods was not, in fact, an agreed upon term of the plea agreements. In electing not to file reply briefs on appeal, the People fail to respond to this issue altogether, effectively conceding the point. "Since appellant has not deigned to reply to the argument of respondent, we have a right to assume that the former deems the argument of the latter unanswerable." (*Campbell v. Ingram* (1918) 37 Cal.App. 728, 732.)

At the outset of their argument on appeal as to each defendant, the People state, without citing the record: "Respondent's probation term was part of a carefully and intentionally negotiated plea agreement."[5]

Tareq argues that the record does not support the People's claim that the "five years of felony probation was a term of the plea agreement." He points out that there was "no mention of five-year probation as a term of the agreement in the plea agreement form, at the change of plea hearing, in the

---

[5] The People's only citation to the record in support of this assertion is to Abdulnasser's written plea form. The People use the identical language in their opening brief on appeal as to Tareq, with the only citation to *Abdulnasser's* written plea form.

8

probation report, at the sentencing hearing, or even at the hearing on the early termination of probation."

Abdulnasser makes a similar argument that the People are not entitled to rescind the plea agreement "because the record fails to establish that a five-year period of probation was a stipulated term of the agreement." The record as to Abdulnasser's plea agreement is more ambiguous than Tareq's. As we have described, Abdulnasser's plea form at paragraph 4 starts out "5 years formal probation—no initial state prison; waive appeal . . . no early termination of probation," suggesting that a five-year term of probation was a term of the agreement. (Moreover, in connection with his motion to shorten probation filed on February 18, 2021, Abdulnasser stated that "[t]he 5-year term of probation was an explicit part of the plea agreement in this case," referring to this plea form, and that "[a]lthough the 5-year term of probation was negotiated in this case," he was still entitled to benefit from the change in the law shortening probation to two years.)

But Abdulnasser argues on appeal that nothing in paragraph 4 of his plea form specifies whether the five-year term represents the "maximum terms the court might impose in its discretion versus specific terms that the court *must* impose under the agreement." He asserts the record demonstrates that the parties intended "identical plea bargains" for him and Tareq (recall Tareq's counsel stated the "probation term sheet" was "the same for all defendants"); yet neither paragraph 4 of Tareq's plea form nor the probation term sheet applicable to all defendants mentioned the length of probation. Therefore, Abdulnasser argues, the reference to "5 years" in his plea form must have been intended as no more than a maximum period of probation the court could order in its discretion, while the probation term sheet attached to Tareq's plea form was intended as the "mandatory terms

9

applicable to all defendants." He points out the probation officer found his written plea agreement "difficult to interpret" and urges that the "most reasonable reading" of the words "NISP, 5 years FP, CTS" in paragraph 4 is that it "set forth <u>maximum</u> terms permissible under the plea, followed by a listing of the <u>mandatory</u> terms set forth in the Probation Conditions Attachment" that is part of Tareq's plea form. Abdulnasser also relies on the fact that the probation officer "recommended" a five-year probation term (rather than, for example, stating five years' probation was "required" or "stipulated" to pursuant to the plea agreement) as further indication that the five-year term was not a mandatory stipulation.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]' [Citation.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) As our Supreme Court wrote in *People v. Feyrer* (2010) 48 Cal.4th 426, 438, superseded by statute on another ground as stated in *People v. Park* (2013)

10

56 Cal.4th 782, 804, "we are mindful of the rule that every term of a plea agreement should be stated on the record."

In this case, it was never made explicit whether the length of probation was a stipulated term of the plea agreement. The district attorney never stated the terms of the plea agreement on the record, nor did the court. The arraignments on the pleas were cursory. The record is clear the parties all intended that Abdulnasser and Tareq would be subject to the same plea agreement terms, yet their plea forms are not the same. The probation department had difficulty interpreting the terms of Abdulnasser's plea agreement. Abdulnasser's written plea form mentions "5 years formal probation." Tareq's does not. The Probation Conditions Form was intended to apply to all defendants, but it is attached only to Tareq's. In the end, their terms of probation were virtually identical. No one contested the length of probation when the trial court imposed it at sentencing, but that does not mean that it was a stipulated term.

Given the parties' clear intention that Abdulnasser and Tareq were agreeing to the same negotiated disposition and no length of probation was specified on Tareq's plea form, we can discern no reason why one defendant would have no specified length of probation while another's plea agreement required a stipulated to five-year term, especially in light of the repeated references by the prosecutor that the plea agreements were the same as for all defendants. Tareq's plea agreement did not include a mandatory five-year term. In these circumstances, we do not construe the ambiguous words of paragraph 4 of Abdulnasser's plea agreement to mean that his plea agreement was for a mandatory five-year probation term while Tareq's agreement was for an unspecified length of probation.

11

In sum, we agree with defendants that there is no factual underpinning for the district attorney even to seek to withdraw from the plea agreement. The People's appellate claim fails at the outset because they have not shown that five-year probationary periods were agreed-to terms of the plea bargains.

B.     *Assuming the Parties Agreed to Five-Year Terms of Probation, the People are Not Entitled to Withdraw Consent to the Plea Bargains*

In any event, even if we assume the parties did specifically agree defendants' probationary periods would be five years, the People are not entitled to relief on appeal. The People's claim presents an issue of statutory interpretation for our independent review. (*People v. Saxton* (2021) 68 Cal.App.5th 428, 432.)

The Courts of Appeal are currently split as to whether the prosecution may withdraw from a negotiated plea agreement in the face of a motion to shorten probation under AB 1950 such as the motions made by defendants here. (*Bowden*, *supra*, 82 Cal.App.5th at p. 746 [citing cases].) When our court was first confronted with this issue, we concluded that, when there was a plea agreement and AB 1950 applied retroactively to shorten the defendant's term of probation, it was not necessary to give the prosecution an opportunity to withdraw from the plea agreement. (*Stewart*, *supra*, 62 Cal.App.5th at pp. 1074–1079.) Our colleagues in Division Three recently reached the same conclusion that the Legislature "did not intend for the prosecution or the trial court to be permitted to withdraw their approval from a plea agreement modified by Assembly Bill 1950." (*Bowden*, at p. 746.) Other courts have taken the same position. (See, e.g. *People v. Shelly* (2022) 81 Cal.App.5th 181, 186, rev. granted (Sept. 21, 2022, S276031) [citing cases].) Yet other courts have taken the opposite position. (See, e.g. *People v. Scarano* (2022) 74 Cal.App.5th 993, 1000, rev. granted (June 1, 2022, S273830.) And the issue is before our Supreme Court in *People v. Prudholme*,

*supra,* S271057.  In the meantime, we are persuaded by *Bowden, supra,* 82 Cal.App.5th 735; *People v. Butler* (2022) 75 Cal.App.5th 216, 219, review granted June 1, 2022, S273773; *Shelly, supra,* 81 Cal.App.5th 181; *People v. Flores* (2022) 77 Cal.App.5th 420, review granted June 22, 2022, S274561; as well as the reasoning in our earlier opinion in *Stewart, supra,* 62 Cal.App.5th at pages 1074–1079.

Thus, we conclude that the People are not entitled to withdraw from the plea agreements with either Tareq or Abdulnasser, and the orders shortening and terminating probation are affirmed.

## DISPOSITION

The order terminating Abdulnasser Saeed's probation is affirmed.  The order terminating Tareq Saeed's probation is affirmed.

_____
Miller, J.

WE CONCUR:

_____
Stewart, P.J.

_____
Richman, J.

A164003, *People v. Abdulnasser Saeed;* A164013, *People v. Tareq Saeed*

14