Filed 11/7/24  Vose v. Cadena CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LYDIA VOSE et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>MIKAELA CADENA et al.,<br><br>    Defendants and Appellants. | F085564<br><br>(Super. Ct. No. BPB-18-002681)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Ralph W. Wyatt, Judge.

Darling & Wilson, Darren J. Bogié, for Appellant.

LeBeau-Thelen, Andrew K. Sheffield, for Respondent.

-ooOoo-

This probate case concerns the Andrew V. Negrete and Ruth O. Negrete 1987 Trust (the trust). This is the fifth appeal that has been filed in this matter (all the prior appeals were filed by Mikaela Cadena, one of the parties to the underlying action and former trustee of the trust). Multiple writ petitions have also been filed in the matter. The present appeal was filed by Joshua Wilson, attorney for Cadena. Wilson brings this appeal in his personal capacity and on his own behalf. He challenges two orders made by the probate court. We conclude Wilson lacks standing to bring this appeal. Furthermore, the orders at issue in this appeal are unappealable. Accordingly, we dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

We need not recite the facts of the underlying probate matter as the relevant facts are set forth in detail in our prior opinions concerning this same matter. (See *Cadena v. Vose* (Jul. 28, 2021, F080428, F080183, F079863) [nonpub. opn.] (*Vose I*); *Vose et al. v. Cadena et al.* (Apr. 2, 2024, F084106) [nonpub. opn.] (*Vose II*).)

As for the procedural history relevant to the instant appeal, this appeal arises from orders issued by the probate court subsequent to the order that was at issue in *Vose II* (the most recent prior appeal). As noted in *Vose II*, on March 21, 2022, the probate court removed Cadena as trustee of the trust and appointed Lydia Vose as successor trustee. Cadena was ordered to turn over to the successor trustee, all the trust property, including all trustee files, personal property, and real property. Rather than turning over the specified trust property to the successor trustee, Cadena filed an appeal challenging the probate court's March 21, 2022 order removing Cadena as trustee of the trust. We affirmed, in *Vose II*, the trial court's March 21, 2022 order removing Cadena as trustee of the trust and appointing Vose as successor trustee. (See *Vose II*, at pp. 6-7, 21, 23, 35.)

2.

## A.     Probate Court's April 20, 2022 Order

Meanwhile, while *Vose II* was pending in *this* court, Cadena requested the probate court to stay the proceedings in that court. The probate court considered Cadena's request at a hearing on April 20, 2022, and later that same day, issued a written order. The court's written order stated:

> "The court finds that an order under Probate Code § 1310(b) is necessary for the purpose of preventing further loss of the property of the trust estate and damage to Lydia Vose and Irene Castenada. However, in order to preserve the right of review for Mikaela Cadena and Helen Wise, the court will authorize Mikaela Cadena to file an undertaking as provided under Probate Code § 1310(d) in the amount of $1,100,000.00 to cover all damages which the respondents, Lydia Vose and Irene Castenada, may sustain by reason of the stay in the enforcement of the order for the removal of Mikaela Cadena as trustee in this matter.

> "The undertaking shall be posted in the amount of $1,100,000.00 on or before 5:00 p.m. on April 27, 2022.

> "If the undertaking is not timely filed by 5:00 p.m. on April 27, 2022, the court's order pursuant to Probate Code § 1310(b), for the removal of Mikaela Cadena as trustee and the appointment of Lydia Vose as sole successor trustee of the Andrew V. Negrete and Ruth O. Negrete 1987 Trust, as amended and restated, and the order for the turnover to Lydia Vose, as trustee, [of] all trust property, including, but not limited to, all trustee files, all personal property and all real property of the trust, in the possession, custody and control of Mikaela Cadena and her representatives, shall issue effective April 28, 2022 as a self-executing order."

Cadena did not appeal the April 20, 2022 order of the court.

## B.     Probate Court's Order to Show Cause Re:  Contempt Against Cadena and Wilson

On July 27, 2022, the probate court issued an order to show cause regarding contempt against Cadena and Joshua Wilson (Cadena's counsel). Andrew Sheffield, Vose's counsel, had filed a declaration "in support of issuance of order to show cause re: contempt for willful failure to comply with court order[,] against Mikaela Cadena and Joshua Wilson." (Some capitalization omitted.)

3.

Sheffield's declaration in support of an order to show cause against Cadena and Wilson addressed Cadena and Wilson's lack of compliance with the probate court's April 20, 2022 order to turn over trust property to Vose, the successor trustee. Preliminarily, Sheffield attested that Cadena did not post the $1,100,000 undertaking referenced in the court's April 20, 2022 order, which order thereby automatically took effect. Sheffield further declared that on April 26, 2022, Wilson delivered to Sheffield's office "two bags of unorganized documents" that consisted mostly of Andrew Negrete's records. Sheffield stated: "With the exception of the 2018 Trust tax returns, no records were provided that covered the time frame in which Ms. Cadena was acting as the trustee of [the trust]." Sheffield noted that Cadena and Wilson had failed to turn over to Vose, the legal files of trust matters handled by the trust attorneys, Darling & Wilson, as well as any billing invoices related to the legal representation. Sheffield further declared that funds held by the trust, files of accountants handling matters for the trust, records related to the properties held by the trust, and records related to distributions of trust assets made by Cadena were also not turned over to Vose.

Sheffield stated in his declaration that he requested Joshua Wilson, by way of a June 15, 2022 letter, to "immediately comply with this court's order and produce all of the trustee files, personal property and real property of the trust." Sheffield noted that Wilson responded, via a June 24, 2022 letter that stated, among other points, that the probate court's April 20, 2022 order removing Cadena was void and Cadena was not required to comply with it. As to the trust's legal records, Sheffield declared that Wilson asserted in his letter that he was not required to turn over those records because they were protected by the attorney-client privilege.

Sheffield's declaration further provided, in part:

"11.   Other than requesting escrow documents, Ms. Cadena and Mr. Wilson have evidenced no intent to comply with the April 20, 2022 Order and are outwardly declaring it void and … not controlling over them.

4.

"12.    At all times herein mentioned, Mikaela Cadena and Josh[ua] Wilson had the ability to comply with the April 20, 2022 Order and each still has the ability to do so.

"13.    At all times herein mentioned, the April 20, 2022 Order has remained in full force and effect and it is not the subject of any pending appeal or writ.  The time for taking any appeal or filing a writ has now passed.

"14.    Ms. Cadena or her agents, including Mr. Wilson, have not produced the trust records or property relevant to the time that Ms. Cadena was acting as trustee and Mr. Wilson was acting as attorney for the trustee of the Trust by the April 28, 2022 deadline established by the Court Order.  Instead, Mr. Wilson produced records pre-dating December 21, 2017 (the date of Andrew Negrete's death) and a tax return from 2018.

"15.    After reviewing the records that were produced on April 26, 2022 and receiving Mr. Wilson's response to my meet and confer effort, it became very clear that Ms. Cadena and Mr. Wilson failed to comply with the Court's April 20, 2022 Order [and] that they had no intention of doing so.

"16.    Since Ms. Cadena, through Mr. Wilson and Mr. Wilson as her representative, is refusing to produce the trust property, arguing that Ms. Cadena was not a trustee and declaring the Court's April 20, 2022 Order void, petitioner [Vose] was left with no choice but to request that the Court issue an Order to Show Cause Re: Contempt for Ms. Cadena's and Mr. Wilson's failure to comply with the April 20, 2022 Court Order.

"17.    Ms. Cadena's and Mr. Wilson's refusal to produce all of the responsive documents as ordered by this Court on April 20, 2022 is contempt pursuant to Code of Civil Procedure section 1209(a)(5).  This contempt has been undertaken without any just cause and in a manner to cause undue hardship on petitioner [Vose], who has been forced to incur unwarranted expenses to obtain trust property that has already been ordered to be turned over by this Court.

"18.    Pursuant to Code of Civil Procedure section 1219, petitioner requests that the Court use whatever means are available to compel Ms. Cadena and Mr. Wilson or his firm, Darling & Wilson to comply with the Court's Order to produce the Trust Property to petitioner."

C.    **Cadena's Motion for Clarification of the Court's April 20, 2022 Order**

On August 19, 2022, the probate court set a three-day contempt hearing

5.

(September 28, 2022; September 29, 2022; October 3, 2022), with both Cadena and Wilson as the "citees." The court appointed Crystal Ratliff, a public defender, for Cadena; Wilson was represented by an attorney from his law firm. On September 9, 2022, Ratliff filed a motion for clarification regarding the court's April 20, 2022 order, in light of Sheffield's declaration in support of issuance of order to show cause regarding contempt. In a declaration attached to the motion for clarification, Ratliff stated:

"I am seeking clarification on the following:

"a.     Did the Court's April 20, 2022 order for Ms. Cadena to turn over documents include 'all files relating to the legal matters handled by Josh Wilson and Darling & Wilson as the trust attorneys, including the trust administration and the two appeals?'

"b.     Did the Court's April 20, 2022 order for Ms. Cadena to turn over documents include 'all billing invoices relating to all legal matters handled by Josh Wilson and Darling & Wilson as the trust attorneys, including the trust administration and the two appeals.'

"c.     If the Court's April 20, 2022 order did include the above, does the court's order also contemplate inclusion of documents related to the former trustee's (Ms. Cadena) defense of alleged misconduct as trustee against then-beneficiary Lydia Vose (now the successor trustee)?

"d.     Did the Court's April 20, 2022 order include an order to turn over attorney work product related to either administration of the trust or defense of alleged misconduct of Ms. Cadena as trustee?

"e.     To the extent that all [or] some of these items were ordered, would the Court appoint a referee to perform an in camera review of the items at issue to determine what, if any, items were included in the Court's April 20, 2022 order?"

On September 19, 2022, Joshua Wilson, in his individual capacity, submitted a "response" to Cadena's motion for clarification, arguing that Cadena's motion should be granted. Wilson's papers stated, in part:

"The order issued by the court on April 20, 2022 directing the turn over of 'trustee files' did not on its face contain any provision addressing

6.

Co-defendant Cadena's individual interest (as opposed to her fiduciary interest) in the attorney-client files, billing records and work product maintained by Joshua Wilson that stem from the defense of the claims brought by Lydia Vose.

"In situations such as the one at bar, where the court has ordered a turn over of trustee legal files while claims are pending against the trustee, such orders are generally specifically framed to address the claims of attorney client privilege that may be asserted by the former and/or removed trustee (*Fiduciary Trust International of California v. Klein* (2017) 9 Cal.App.5th 1184, 1192 [trial court ordered preparation of a privilege log with respect to any trust records in their possession withheld on the basis of attorney-client privilege.]).  The Court's order on its face does not direct or require the preparation of a privilege log or any other process that would on its face show the order contemplated the turn over [of] attorney files.  Therefore there is nothing within the four corners of the order that place[s] a reasonable person on notice that the turn over of attorney files is being directed."  (Fn. Omitted.)

**D.     Hearing on Cadena's Motion for Clarification of the Court's April 20, 2022 Order**

The probate court took up the issue of Cadena's motion for clarification on September 28, 2022, the day the contempt proceeding against Cadena and Wilson was set to commence.  During the hearing on the motion for clarification, Cadena's public defender stated, with respect to the litigation files held by Darling &Wilson:  "I agree that if the documents in question are solely related to the administration of the trust and solely related to the legal issues related to Ms. Cadena as trustee, then yes, those should be turned over [to the successor trustee]; but it's a different question when there is individual representation going on, which it appears that there has been here."

As for Wilson's attorney, Darren Bogié, the court told him:  "I'm going to direct this question to you, Mr. Bogié.  Timeliness, motion for clarification, it didn't happen under Mr. Wilson's watch.  It happened when Ms. Ratliff got appointed.  Now … that's one thing I want you to speak to if you're in a position to.  [¶ ]  As of today, does the Court have a privilege log from your client?"  Bogié responded that Wilson had not

submitted any privilege log because the court's April 20, 2022 order did not specify that Wilson was required to submit a privilege log.

The court stated: "You would agree that in order to preserve any objections, such as attorney-client communication, you need to make a timely objection?" Bogié replied: "But the order doesn't – the four corners of the order, Your Honor, don't contain any language that would put [us on] notice that the attorney file was contemplated." The court observed: "Wouldn't it be something for the Court to consider in mitigation [of the contempt charge] that a privilege log was filed in the contempt proceeding? Isn't that one of the things the Court looks at, what actions you've taken to mitigate?" Bogié answered: "At this point, Your Honor, we would take the position that the entire file is privileged, and I believe Mr. Wilson's letter was an objection to the production of his litigation files and is included … as an attachment to the order to show cause." The court came back: "Seems like you have an inconsistent position between Ms. Cadena's counsel and yourself." Bogié replied: "Our fundamental position is the same. This order is unclear with regard to attorney-client files." The court asked: "Do you read the word 'all files' [as] being inclusive or exclusive?" Bogié responded: "I read the 'all trustee files' as being exclusive to the trustee's files."

The court asked the parties: "Have the invoices been turned over by either party?" Bogié replied: "No. Legal invoices, no." The court noted: "This now makes me turn to Ms. Ratliff and ask – presumably [Cadena] received invoices from her attorney in the capacity as a trustee, for representation as trustee. I don't know if she's produced any of those in connection with the contempt proceeding, as a factor in mitigation. I don't know what other documents she may or may not have that you contend are privileged. I don't have a privilege log from either party." Ratliff had no response for the court. The court then observed: "I'm surprised that the situation would be such that she wouldn't have anything. And if she's [asking] me to look at [the issues] and establish what's privileged

8.

and what isn't, there would be a privilege log, something laying out what you contend is and is not privilege[d] and under what privilege, what concept, what principle. That's one of the issues that I just wanted to ferret out here."

The parties then submitted and the court concluded: "What I'm going to do is I'm going to take it under submission and I'm going to issue a ruling 1:30 this afternoon on this motion for clarification. You'll know whether you're proceeding or not proceeding with the contempt action."

**E.      Probate Court's Ruling on Cadena's Motion for Clarification**

The trial court delivered a written ruling on the motion for clarification to the parties in open court at 1:30 p.m. on September 28, 2022. The court's ruling provided:

> "After considering the moving papers and the response filed on behalf of Joshua G. Wilson, arguments of counsel thereon and for good cause otherwise appearing, the Court grants, in part and denies, in part the Motion for Clarification, based on the following findings:
>
> "1.      The motion for clarification is untimely.
>
> "2.      To date, neither the moving party, Mikaela Cadena, nor the joining party, attorney Joshua G. Wilson, have submitted a privilege log to the court or the opposing party, Lydia Vose.
>
> "3.      The April 20, 2022 order is a turnover order from a predecessor trustee (whether that predecessor trustee is characterized as a de jure, de facto, quasi, or de son tort trustee) to a successor trustee.
>
> "4.      The April 20, 2022 order is not a discovery order governed by the Civil Discovery Act. (CCP section 2016.010 et seq.)
>
> "The Court grants the Motion for Clarification in part, by responding to the five inquiries set forth in the motion as follows:
>
> "a.      Did the Court's April 20, 2022 order for Ms. Cadena to turn over documents include 'all files relating to the legal matters handled by Josh Wilson and Darling & Wilson as the trust attorneys, including the trust administration and the two appeals?' [¶] **Yes**.

9.

"b.     Did the Court's April 20, 2022 order for Ms. Cadena to turn over documents include 'all billing invoices relating to all legal matters handled by Josh Wilson and Darling & Wilson as the trust attorneys, including the trust administration and the appeals?' [¶] **Yes**.

"c.     If the Court's April 20, 2022 order did include the above, does the court's order also contemplate inclusion of documents related to the former trustee's (Ms. Cadena) defense of alleged misconduct as trustee against then-beneficiary Lydia Vose (now the successor trustee)? [¶] **Yes**.

"d.     Did the Court's April 20, 2022 order include an order to turn over attorney work product related to either administration of the trust or defense of alleged misconduct of Ms. Cadena as trustee? [¶] **Yes**.

"e.     To the extent that all [or] some [of] these items were ordered, would the Court appoint a referee to perform an in camera review of the items at issue to determine what, if any, items included were in the Court's April 20, 2022 order? [¶] **No**.

"To the extent that the motion seeks modification of the April 20, 2022 order, including the request for the appointment of a referee for in camera review, and to the extent it requests instructions, the motion is denied."

After the court issued its ruling on Cadena's motion for clarification, Wilson offered to turn over his complete file on condition that he be allowed to belatedly assert objections on the record. Both Wilson and Cadena also asked the probate court to discharge the contempt proceeding. At that point Craig Braun, counsel for Helen Wise, Cadena's mother, interjected: "I'm going to participate to the extent that Mr. Wilson has offered to turn over his client's file to Mr. Sheffield." Braun stated: "What I was going to say is given the joint defense or common interest between our respective clients, I would object to the turnover of that file under claims of attorney-client privilege as well as attorney work product."

For his part, Andrew Sheffield, counsel for Vose, observed: "The way I read this is the Court's reiterating what was in the April 20th order. That's my first issue with what's happening at the present time. [¶] The second issue would go to the fact that the

offering of the attorney files themselves, I believe should be considered as mitigation. I think this should proceed ahead and there should be an order issued on the proceeding. I would point out that within the [April 20, 2022] order, the attorney files are not the entire scope of what's sought here. The proposed giving over of Mr. Wilson's files is a big part, but it does not address anything from Ms. Cadena herself." Sheffield added: "We don't even have a representation from the parties themselves that they are producing everything that is within the[ir] power, that they contacted representatives like they were supposed to. In that regard I think we need to proceed ahead and have the order issued." Counsel for Wilson interjected: "Mr. Wilson can only turn over that which he has, and that is what we're willing to do in compliance with the clarified order." The court told counsel for Cadena and Wilson to submit to the court, a written proposal for turning over all relevant documents and identifying any claims of privilege or other objections.

On September 29, 2022, Wilson filed a "proposed time line and turn over process for Mikaela Cadena's legal files"; Cadena did not file a proposal. (Some capitalization omitted.) The court and the parties discussed next steps in court on September 30, 2022. At that time, Cadena's counsel stated: "Ms. Cadena doesn't have anything in her possession. She's turned over everything that she's got." The court emphasized: "I'm not trying to instruct or direct anything. The purpose of this, from the Court's perspective, is that this is a request to develop and present evidence in mitigation. That's the Court's perspective."

Vose's counsel expressed frustration: "I'm left with acting on behalf of the trustee by shooting in the dark with information that I don't know what it is because they won't give it to me. [¶] Now they want to delay another 60-plus days to do what they should [already] have done … I think we should proceed with this proceeding and move ahead and get the records turned over." Sheffield also noted: "I don't believe the objections are

11.

timely at this point … [and] they're still delaying the import of this Court's order, which was that these records be turned over on April 28th, 2022."

The court issued a minute order that same day, on September 30, 2022, as follows: "Court and counsel discuss proposed turnover schedule. [¶] Oral objection of Vose received and considered. [¶] The Court makes the following orders: [¶] Order to Show Cause re Contempt is continued to November 8, 2022 at 9:00 AM …. Time estimate: 3 days. [¶] Privilege log to be submitted [by Wilson's counsel] to attorneys Braun & Ratliff by 5:00 PM on October 14, 2022. [¶] Objections and additions to privilege log to be submitted by 5:00 PM on October 21, 2022. [¶] Attorney Sheffield to respond to objections by 5:00 PM on November 4, 2022. [¶] Objections & response are not required to be filed with the court. Parties may file proof of service to show compliance with this schedule." The record is silent as to any further proceedings subsequent to the probate court's order of September 30, 2022.

Meanwhile, on January 17, 2023, Joshua Wilson filed, in his personal capacity, the notice of appeal leading to the instant appeal. Wilson appeals from the probate court's September 28, 2022 ruling on Cadena's motion for clarification of the court's April 20, 2022 order, and from the probate court's date-setting minute order of September 30, 2022.

## DISCUSSION

### I. The Appeal Must Be Dismissed For Lack of Standing and Because The Underlying Orders Are Not Appealable

#### A. Joshua Wilson Lacks Standing to Bring This Appeal

Here, appellant Joshua Wilson is not a party to the underlying probate action pending in the probate court. Joshua Wilson, through his law firm, Darling & Wilson, is the attorney for one of the parties, Mikaela Cadena, and heretofore was the attorney for Cadena in her capacity as trustee of the trust as well.

12.

The origin point of this appeal is the probate court's April 20, 2022 order. Pursuant to that order, Cadena was removed as trustee of the trust, Vose became successor trustee, and Cadena and Wilson were required to turnover to Vose "all trust property, including, but not limited to, all trustee files, all personal property and all real property of the trust." Wilson emphasizes that this appeal arises from the court's subsequent September 28, 2022 ruling on Cadena's motion for clarification. Cadena's motion for clarification requested clarity regarding the court's April 20, 2022 order. Accordingly, Wilson concedes Cadena's motion for clarification was effectively a motion for reconsideration as to the court's April 20, 2022 order. As explained below, the court's ruling on Cadena's motion for clarification is not appealable.

"In California, the right to appeal civil actions is statutory. [Citation.] In order to exercise that statutory right, an appellant must have standing." (*In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 12 (*Burwell*).) "Appellate standing is conferred by section 902 of the Code of Civil Procedure. [Citations.] That statute provides, in relevant part, that '[a]ny party aggrieved may appeal….' (Code Civ. Proc., § 902.) By its plain language, Code of Civil Procedure section 902 limits appellate standing in two important ways. To have appellate standing, one must (1) be a party and (2) be aggrieved." (*Burwell* at p. 13; see *Shaw v. Hughes Aircraft Co*. (2000) 83 Cal.App.4th 1336, 1342 (*Shaw*) ["The test [for standing] is twofold—one must be both a party of record to the action *and* aggrieved to have standing to appeal."].)

Wilson's opening brief completely fails to address the question whether he, in his personal capacity and as a nonparty to the underlying action, has standing to challenge the probate court's orders in the underlying probate proceeding. Vose, for her part, contends, "Joshua Wilson has failed to establish either element of the test [for standing]." As to the first part of the test, Vose argues that "Joshua Wilson's only involvement in this matter was as counsel for Ms. Cadena" and cites to *Keck v. Keck* (1933) 219 Cal. 316,

13.

322, which noted that an attorney for a party to an action is not a party. Vose further points out that the order to show cause regarding contempt against Wilson "is a separate and distinct proceeding" from the pending probate action. Vose cites *People v. King Bail Bond Agency* (1990) 224 Cal.App.3d 1120, 1124, which states: "It is well established that '[c]ontempt proceedings are separate and distinct and no part of the original case out of which they arise.' " Finally, while Vose acknowledges that the first requirement to establish standing, that one be a party of record, is subject to an exception under which a nonparty who moves to vacate the judgment is permitted to appeal as if he were a party, Vose notes that exception is inapplicable here as Wilson cannot be said to have moved to vacate a judgment in the probate court. (See *Shaw*, *supra*, 83 Cal.App.4th at p. 1342.)

Next, as to the second element of the test for standing, Vose contends that Wilson was not personally aggrieved by the court's April 20, 2022 and September 28, 2022 orders, as far as those orders required the turnover of trustee legal files to Vose. Vose notes that, to the extent the probate court's orders encompassed attorney work product maintained in such legal files, any claim of work product privilege redounded to the Darling & Wilson law firm and not to Joshua Wilson personally. Vose cites *River's Side at Washington Square Homeowners Assn. v. Superior Court* (2023) 88 Cal.App.5th 1209, 1225, that states that " '[a] party who is not the real party in interest lacks standing to sue because the claim belongs to someone else.' "

Vose points out that the record in this case is replete with references to the fact that the Darling & Wilson law firm is Cadena's counsel of record. Vose also notes: "The evidence in the record shows that all of the work done by Mr. Wilson prior to this appeal was under the name of the professional corporation, Darling & Wilson, PC." Vose adds: "Further, there were multiple attorneys from the firm who did the work according to the pleadings. [Citations.] Finally, when a subpoena was sought to obtain the firm's records, Darling & Wilson, PC was a moving party on the motion to quash." Vose cites *Tucker*

14.

*Ellis LLP v. Superior Court (Nelson)* (2017) 12 Cal.App.5th 1233 (*Tucker Ellis*). *Tucker Ellis* addressed the question, in a similar context, as to who holds the work product privilege and concluded the law firm is the holder of the privilege, not the attorney employee who created the work product. (*Id*. at pp. 1241-1245.)

Wilson did not file a reply brief in this matter and therefore has not refuted Vose's contentions on the issue of lack of standing. Under these circumstances, we conclude that Wilson has not shown he has standing to prosecute this appeal. (See *Campbell v. Ingram* (1918) 37 Cal.App. 728, 732 [if appellant "has not deigned to reply" to respondent's argument, we may assume appellant deems the argument "unanswerable"]; see also *Singman v. IMDB.com, Inc*. (2021) 72 Cal.App.5th 1150, 1151 [the court cannot fairly embrace the partisan role of lawyering on behalf of a party].) We must therefore dismiss this appeal. (See *Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1592 ["A 'lack of standing' is a jurisdictional defect."]; *Marsh v. Mountain Zephyr, Inc*. (1996) 43 Cal.App.4th 289, 295 ["Standing to appeal is 'jurisdictional and therefore cannot be waived.' "].)

## B. The Orders At Issue Are Unappealable

The appealability of probate disputes is governed by Probate Code section 1300 et seq. Probate Code section 1304 lists appealable orders in trust proceedings. (See *Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 575-576.) "It is well established that '[a]ppeals which may be taken from orders in probate proceedings are set forth in … the Probate Code, and its provisions are exclusive.' [Citation.] 'There is no right to appeal from any orders in probate except those specified in the Probate Code.' [Citation.] 'Appeals in general probate … matters are limited.' [Citation.] '[I]f there was a free appeal in every probate matter, [matters] could be unreasonably delayed.' " (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1125-1126.)

"Code of Civil Procedure section 904.1, subdivision (a)(10) provides that an appeal may be taken '[f]rom an order made appealable by the provisions of the Probate Code….' An order [granting or] denying a motion for reconsideration is not among the orders made appealable by the Probate Code. (See [Prob. Code,] §§ 1303, 1304.) Further, to allow an appeal from an order [granting or] denying a motion for reconsideration would be contrary to the Probate Code's purpose to foster the expeditious resolution of [probate] matters." (*Estate of Stoddard*, *supra*, 115 Cal.App.4th at p. 1126.) In short, motions for reconsideration are not appealable. (*Ibid*.)

As noted above, Joshua Wilson acknowledges that the motion for clarification at the heart of his appeal is essentially a motion for reconsideration. In his opening brief, Wilson states:

> "A motion for clarification in substance is a motion for reconsideration. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 [name of a motion is not controlling, and a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration]; *City v. Santa Maria v. Adam* (2019) 43 Cal.App.5th 152, 162.)

> "The Motion for Clarification filed by Ms. Cadena as Citee asked the trial court to issue a new or expanded ruling on an issue previously ruled on, [and] is in effect a motion for reconsideration. (*Lennar Homes of California, Inc. v. Stephens* (2014) 232 Cal.App.4th 673, 681-682 [motion for clarification has effect of motion for reconsideration]; see CCP § 1008, subd. (a) [motion for reconsideration is a request to 'modify, amend, or revoke the prior order'].)"

Vose argues in response: "[Vose] agrees that [the authority cited by Wilson] correctly defines the underlying motion for clarification. This authority also settles the issue of appealability against Mr. Wilson. This is because the motion for clarification sought reconsideration of a motion in the context of a Probate proceeding and a ruling on such a motion is not appealable under the Probate Code."

We agree with Vose that the Probate Code controls the appealability of the motion for clarification at the heart of this appeal. We conclude that under the Probate Code, the probate court's September 28, 2022 ruling on Cadena's motion for clarification is not appealable.

Wilson argues that the probate court's ruling on the motion for clarification is appealable under *City of Santa Maria v. Adam*. *City of Santa Maria v. Adam* concluded that a postjudgment order denying a motion to clarify filed by the appellants there, was appealable. (See *City of Santa Maria v. Adam*, *supra*, 43 Cal.App.5th at p. 161.) The motion to clarify at issue in that case was found to be appealable under Code of Civil Procedure section 904.1, subdivision (a)(2), which provides that an order made after an appealable judgment is appealable. Code of Civil Procedure section 904.1, subdivision (a)(2) is not applicable here and Wilson's citation to *City of Santa Maria v. Adam* is therefore unavailing. The order at issue here was made in a probate proceeding and its appealability is governed by the probate code. Wilson makes additional arguments to the effect that the court's ruling on Cadena's motion to clarify is appealable, but his arguments are not supported by persuasive authorities and are meritless.

Finally, we note that the other order at issue in this appeal, namely the probate court's September 30, 2022 date-setting minute order, is also unappealable as it is merely an interim, date-setting minute order.

Since the orders underlying this appeal are unappealable, the appeal must be dismissed for lack of jurisdiction. (See *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428 [question of appealability goes to appellate court jurisdiction]; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 ["A reviewing court has jurisdiction over a

17.

direct appeal only when there is (1) an appealable order or (2) an appealable judgment."].)**1**

## **DISPOSITION**

The appeal is dismissed for lack of jurisdiction. Vose shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

SMITH, J.

WE CONCUR:

FRANSON, Acting P. J.

SNAUFFER, J.

---

**1** At oral argument in this matter, Vose's counsel informed this court that while this appeal was pending, the contempt proceeding against Cadena and Wilson continued to completion. Vose's counsel noted that the disputed issues regarding the scope of trustee files ordered to be turned over to the successor trustee, were resolved as part of the resolution of the contempt proceeding. More specifically, the trial court went through a privilege log submitted by Wilson and ordered certain items to be turned over and others to be withheld. Thereafter, the relevant parties complied with the court's order and there was no ongoing dispute. Vose's counsel observed the dispute regarding the scope of trustee files to be handed over underlying this appeal, is therefore rendered moot. Wilson's counsel did not challenge the factual update provided by Vose's counsel, and to the extent Wilson's counsel suggested the matter was nevertheless not moot under present circumstances, he was not persuasive.